(133 So. 43)

# MEMPHIS MILLING CO. v. SOUTHERN SURETY CO.

### 7 Div. 23.

Supreme Court of Alabama.
March 19, 1931.

John A. Darden, of Goodwater, for appellant.

D. W. Jackson, of La Fayette, for appellee.

GARDNER, J.

One A. H. Singer contracted with the state for certain highway work in Clay county, known as Project No. S-307-B, and entered into bond with the Southern Surety Company as surety, conditioned as required by law. Within the time required by law following a final settlement by the state with said contractor, one Gunter brought suit against Singer and the surety company to recover for labor and supplies furnished on this project. A few days after this suit was brought, the Memphis Milling Company, having had at that time no notice of the Gunter suit, filed its action against said surety company only seeking recovery for supplies on said project. Both causes were pending in the circuit court of Clay county, and upon being advised of the situation, the Memphis Company moved the court to consolidate the two, and that its complaint be proved as its claim therein. The motion was granted, and the Memphis Company's complaint considered and tried as that of an intervenor. This was proper and within the influence of our statute. Acts 1927, p. 357.

That the Memphis Company's claim was presented in time is answered in the recent case of U. S. Fidelity & Guaranty Co. v. Benson Hardware Co., ante, p. 429, 132 So. 622.

Upon the merits of the cause, it appears that Singer let a portion of this project to subcontractors, first to the Adams Construction Company, who later transferred the same with Singer's consent to the Sutton Brothers Construction Company. O. R. Gunter worked under Sutton Brothers.

The Memphis Company's claim is for "feed stuff" for the mules used in working on this project. That it was so used is without dispute, and that such an account comes within the protection of the bond is not controverted. U. S. Fid. & Guar. Co. v. Benson Hardware Co., supra. E. R. Taylor was agent for the Memphis Company selling these supplies for the stock. He made the sales and did much of the collecting of his accounts, and gave attention thereto in view of the fact he was working on a commission basis. He testified

to the amount ($396.64), and that it "remains due and unpaid." The order for the feed was placed by Gunter, working under the subcontractor Sutton Brothers, as above stated, and Sutton Brothers confirmed these orders on regular order blanks for that purpose. It was billed to Sutton Brothers. The three shipments here sued for were made in August, 1928.

Under the rule now well established by our decisions, appropriate supplies furnished a subcontractor, and used on the project, are recoverable against the surety on the bond. State v. So. Surety Co., 221 Ala. 113, 127 So. 805; U. S. Fid. & Guar. Co. v. Benson Hardware Co., supra; U. S. Fid. & Guar. Co. v. Currie Simmons, post, p. 669, 133 So. 731.

The foregoing, therefore, makes out a case for recovery. Defendant, the surety company, seeks to defeat the recovery by evidence tending to show that Singer, the original contractor, had instructed Taylor, plaintiff's agent, not to sell any goods to Gunter; that he would not be responsible for him. It was doubtless in view of this testimony in connection with the admission of Taylor that Gunter gave the orders that prompted the trial court to give the affirmative charge for defendant in this case. Conceding the relevancy of such proof, however, we think the ruling erroneous, for Taylor's testimony was to the effect that Singer had told him, "while Adams was there not to sell Gunter," and on recross-examination stated that "Adams had left the job in July," the shipment, as previously noted, being made in August. So, in any event, the question would have been one for the jury's determination.

But we are not persuaded this evidence was relevant to the case. Plaintiff's evidence shows without dispute that while Gunter ordered the feed, the order was confirmed by the subcontractor Sutton Brothers, and in fact the shipments went out "on Sutton Brothers' orders, guaranteed by Sutton Brothers." These supplies were therefore received by the subcontractor on orders confirmed and guaranteed by them, according to this proof, and were, undisputedly, used on this project. Singer is not here sued, but he admits that he "got credit for all the work, and drew pay for it." But Sutton Brothers were independent contractors, and their liability for these appropriate supplies used on this project sufficed to fix the liability upon the bond, notwithstanding any instructions by Singer as to Gunter, who merely gave the orders and against whom no liability is sought to be fastened.

We therefore conclude that this testimony was irrelevant, and that on the undisputed proof, as appears in this record, plaintiff is entitled to the affirmative charge in its behalf, which should have been given as requested.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.