(137 So. 466)

**PETTUS et al. v. STATE, for Use of PROFFITT.**

5 Div. 840.

Court of Appeals of Alabama.

Nov. 3, 1931.

T. E. Martin and John B. Scott, both of Montgomery, for appellants.

Huddleston & Glover, of Wetumpka, for appellee.

SAMFORD, J.

The plaintiff's cause of action is set out in one count as follows: "The plaintiff claims from the defendants $129.75, for the breach of a condition of a bond, made by the defendants on the 29th day of March, 1928, payable to the State of Alabama, in the sum of $40,398.38, with condition that 'The said principals and sureties agree as a part of this obligation that such contractor shall promptly make payment to all persons supplying him or them with labor, material, feed stuffs or supplies, in the execution of the work provided for in such contract, as provided for in section 28 in the Act of the Legislature approved August' 23, 1927, and designated as "The Alabama Highway Code."' And 'that the condition of this obligation is such that whereas the above bound Ed Pettus have this day entered into a contract with the said State of Alabama, for the building of the bridges on the road in Elmore County, to-wit: a road leading from Wetumpka to Tallassee known as Project Number S–275.' And the said plaintiff says the condition of the said bond has been broken by the defendants in this, that said J. I. Proffitt did do or have done hauling of materials in and about the construction and building of said bridges with his motor truck and did carry necessary employees to and from the place of construction of said bridges with said truck at instance and request of and under a contract with W. A. Thomas who was then and there a subcontractor of said Pettus doing work on said project and that the amount of time said truck was used in hauling of said materials and carrying of said employees as aforesaid was 173 hours and that 75 cents per hour was a reasonable rate of hire per hour for use of said truck and its driver which was furnished with said truck in all of said use as aforesaid, to the damage of the plaintiff as above stated, and plaintiff avers that all of said sum of $129.75 is still due and is unpaid and plaintiff avers that complete performance of said contract and final settlement thereof has been made and had, and that this action was commenced within 60 days after the complete performance of said contract and final settlement thereof. Count 2. The plaintiff claims of the defendants a like sum, due from defendants for work and labor done for the defendants by the plaintiff on the 28th day of July, 1928."

To this complaint, defendant filed two pleas, the second of which is as follows: "That the defendant, Ed Pettus, previous to the furnishing of any labor by J. I. Proffit towards the construction of project number S 275, did advertise in a newspaper published in Elmore

County, Alabama, that he would not be responsible for the debts incurred by any subcontractor of his in connection with doing work on said project under any subcontract, of which the said J. I. Proffit had notice."

Demurrer to this plea was sustained by the court, and the plaintiff had judgment for the amount claimed. The ruling of the court in sustaining the demurrer is assigned as error.

■ The bond sued on in this case was given under and in compliance with section 28, p. 356 et seq., Acts 1927, approved August 23, 1927. Our courts have held that supplies for construction, labor, etc., furnished to a subcontractor, are covered by the bond of the principal contractor. Memphis Milling Co. v. So. Surety Co., 222 Ala. 502, 133 So. 43; United States F. & G. Co. v. Benson, etc., Co., 222 Ala. 429, 132 So. 622.

■ The bond is statutory, and is required for the protection of all parties connecting themselves therewith, and we know of no law, and appellant has cited us to none, which would authorize a discharge or modification of the legal obligations of the bond, by a giving of notice, either by publication or actually, by the principal contractor that he would not be liable for debts incurred by his subcontractors in connection with the work embraced in the contract, and for which he had made his bond.

If such were the law, bonds executed by principal contractors under the statute, supra, and construed by our Supreme Court, could, in all cases, be brought within limits of obligations not contemplated by the statute, by the independent act of the contractor.

■ The demurrer was properly sustained, and the judgment is affirmed.

Affirmed.